UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE GEORGE GARCIA,<br><br>            Plaintiff,<br><br>         v.<br><br>DEPUTY SHERRIFS AT S.W.D.C.,<br><br>            Defendant(s). | Case No. EDCV 16-611-R (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

On March 24, 2016, Plaintiff Freddie George Garcia ("Plaintiff"), proceeding pro se and in forma pauperis, constructively filed[1] a Complaint ("Complaint) pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") against "Deputy Sherrifs at S.W.D.C. in Riverside County Jail" in their official and individual capacities. Dkt. 1, Compl. at 3. Plaintiff alleges on March 27, 2015, deputies at South West Detention Center ("S.W.D.C.") violated

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). Here, Plaintiff signed the Complaint on March 24, 2016. ECF Docket No. ("Dkt.") 1, Compl. Thus, the Court deems March 24, 2016 the filing date.

his Fourteenth Amendment right against cruel and unusual punishment when they "used excessive force causing eye, shoulders, head, and neck injury." Id. at 5. Plaintiff seeks punitive and compensatory damages. Id. at 6.

As discussed below, the Court dismisses the Complaint with leave to amend.

## II.
## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal

quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

///

# III.

# **DISCUSSION**

## A. THE COMPLAINT DOES NOT UNAMBIGUOUSLY IDENTIFY THE DEFENDANTS

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, it is unclear whether Plaintiff is suing (a) doe deputy sheriffs, (b) the S.W.D.C. Sheriff's Department, and/or (c) the Southwest Detention Center. The caption of the Complaint lists only "Deputy Sherrifs at S.W.D.C. in Riverside County Jail," which appears to be an attempt to name doe deputy sheriffs as defendants. However, the body of the Complaint lists only the following two defendants (1) "S.W.D.C. Sherrifs Department" in its individual and official capacities and (2) "Southwest Detention Center." See Compl. at 3. Moreover, it is unclear whether Plaintiff is suing the doe deputy sheriffs and S.W.D.C. in their individual or official capacity, because neither box is checked in the Complaint.

If Plaintiff decides to include any or all of these defendants in an amended complaint, he must clarify exactly who the defendants are -- at a minimum, the caption and body of the complaint must agree.

## B. PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM AGAINST ANY DEFENDANT

To the extent Plaintiff is suing any defendants in their official capacities, such claims must be dismissed. "Official-capacity damages claims against individual municipal officers are claims against the municipality itself." Hill v. Baca, 2010 WL 1727655, at *5 (C.D.Cal. Apr.26, 2010); see Monell v. Dep't of Soc. Serv. of N.Y., 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

A local government entity, however, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694. Thus, a plaintiff must establish that "the action that is alleged to be unconstitutional implements or executes a policy . . ., ordinance, regulation, or decision officially adopted and promulgated by" the municipality, or that the action was "visited pursuant to a governmental 'custom[.]'" Id. at 690–91. In other words, a plaintiff must show that "deliberate action[,] attributable to the municipality itself[,] is the 'moving force' behind the plaintiff's deprivation of federal rights." Board of Cnty. Com'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 400, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997).

Here, the doe deputy sheriffs are employed by the S.W.D.C. Sheriff's Department. Accordingly, for purposes of Plaintiff's civil rights claims, the entity that would be the real party in interest in an official-capacity suit against the doe deputy sheriffs is ultimately the S.W.D.C. Sheriff's Department (not the individual defendants). Therefore, to the extent Plaintiff is suing the doe deputy sheriffs of the S.W.D.C. Sheriff's Department in their official capacities, Plaintiff's claims against the individual doe defendants in their official capacities must be dismissed.

In addition, Plaintiff fails to identify any policy, ordinance, or custom of the Southwest Detention Center or the S.W.D.C. Sheriff's Department that was the "moving force" behind a deprivation of Plaintiff's constitutional rights. Indeed, Plaintiff fails to identify any policy, ordinance, or custom at all in his Complaint for any purpose. Accordingly, Plaintiff has failed to state an official capacity claim against any defendant and his official capacity claims must be dismissed. If Plaintiff chooses to amend the Complaint, he should not re-allege these claims unless he has a good faith belief that he can meet the standards discussed above.

///

### C. DOE DEFENDANTS

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). "However . . ., where the identity of alleged defendants will not be known prior to the filing of a complaint . . ., the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id.; see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, Plaintiff will be given the opportunity to discover the names of the doe deputy sheriffs and amend his Complaint. Plaintiff should act diligently in conducting such investigation, as the Court will only grant extensions of time upon a showing of good cause.

Further, Plaintiff is advised that without any named defendants, the Court cannot order service of the Complaint. See Augustin v. Dep't of Public Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); see also Soto v. Board of Prison Term, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007). Consequently, if Plaintiff files an amended complaint that only names doe defendants, such complaint will be subject to dismissal. See Williams v. Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

### D. THE COMPLAINT FAILS TO COMPLY WITH THE PLEADING REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) provides "[e]ach allegation must be simple, concise, and direct." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127

S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8. See McHenry, 84 F.3d at 1177.

After arraignment, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from excessive force that amounts to punishment. Kingsley v. Hendrickson, __ U.S. __, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015) (citing Graham v. Connor, 490 U.S. 386, 395 n.10, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). After conviction, the Cruel and Unusual Punishment Clause of the Eighth Amendment governs the use of force against a prisoner. Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). See also Kirby v. Navarro, No. 2:14-cv-9161 PSG (GJS), 2015 WL 5169270, at *3 (C.D. Cal. July 28, 2015) report and recommendation adopted, 2015 WL 5167926 (C.D. Cal. Sept. 2, 2015).

Here, it is unclear from the Complaint whether Plaintiff is a pretrial detainee or whether his reference to "cruel and unusual punishment" is meant to invoke the protections of the Eighth Amendment that would apply after conviction. As a result of the Complaint's lack of clarity and specificity, the Court cannot decipher the nature of Plaintiff's claims. Unclear pleadings such as the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based" remain subject to dismissal. Little v. Baca, No. CV 13–0373 PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013). Accordingly, the Complaint must be dismissed for failure to comply with Federal Rules of Civil Procedure, Rule 8. See also Clayburn v. Schirmer, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting that "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

### E. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE AN EXCESSIVE FORCE CLAIM

#### 1. Law Applicable To Excessive Force Claim Under The Eighth Amendment

The "settled rule [is] that the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 5, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (internal quotation marks omitted, ellipses in original). "When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (footnote omitted). The relevant inquiry for determining whether prison officials accused of using excessive physical force inflicted unnecessary and wanton pain is whether force was applied in a good faith effort to maintain or restore discipline, or, instead, was applied maliciously and sadistically for the very purpose of causing harm. Hudson, 503 U.S. at 6 (internal quotation marks omitted).

#### 2. Law Applicable To Excessive Force Claims Under The Fourteenth Amendment

Under the Fourteenth Amendment, which applies to pretrial detainees, the inquiry "is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397.

The gravity of a particular intrusion on an individual's Fourteenth Amendment interests depends on "the type and amount of force inflicted." See Chew v. Gates, 27 F.3d 1432, 1440 (9th Cir. 1994). "[E]ven when some force is justified the amount actually used may be excessive." Blankenhorn v. City of Orange, 485 F.3d 463, 477 (9th Cir. 2007) (citations and internal quotation marks omitted).

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: [1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting.

Kingsley, 135 S. Ct. at 2473.

### 3. Plaintiff Fails To Sufficienlty Allege An Excessive Force Claim Under The Eighth Or Fourteenth Amendments

Here, Plaintiff generally alleges that the doe deputy sheriffs "used excessive force." Compl. at 5. Plaintiff provides no other details about the assault, including what injuries he suffered, the extent of force that was used, etc. Plaintiff has simply not alleged enough to allow the Court to draw the reasonable inference that any of the doe deputy sheriffs are liable for the misconduct alleged. See Iqbal, 129 S. Ct. at 1949; see also Hudson, 503 U.S. at 6–7.

The Court thus finds that Plaintiff has failed to state a plausible excessive force claim under either the Eighth or Fourteenth Amendments.

## IV.
## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

   1. Plaintiff may file a First Amended Complaint to attempt to

cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

Plaintiff is further advised that, if he does successfully amend the Complaint, a defendant may move to dismiss for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a) ("Section 1997e(a)") ("No action shall be brought with respect to prison conditions under [Section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Compliance with this exhaustion requirement is required. Porter v. Nussle, 534 U.S. 516, 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); Booth v. Churner, 532 U.S. 731, 739-40 & n.5, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). Moreover, Section 1997e(a) requires that an action be dismissed unless administrative remedies were exhausted before the prisoner filed suit, even if the prisoner later completed exhaustion while the suit

was pending. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002). Such failure to exhaust is an affirmative defense, which a defendant may raise in a motion for summary judgment. <u>Albino v. Baca</u>, 747 F.3d 1162, 1166 (9th Cir. 2014).

    2. Alternatively, Plaintiff may request a voluntary dismissal of his official capacity and due process claims without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). If Plaintiff chooses this option, this action will proceed on his retaliation claim only. **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. County of Orange</u>, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed without prejudice for failure to, state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:

                              HONORABLE KENLY KIYA KATO
                              United States Magistrate Judge