1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

| | |
|---|---|
| FREDDIE GEORGE GARCIA,<br><br>                  Plaintiff,<br><br>                  v.<br><br>DEPUTY SHERRIFS AT S.W.D.C.,<br><br>                  Defendant(s). | Case No. EDCV 16-611-R (KK)<br><br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

16

17

## I.

18

## **INTRODUCTION**

19      On May 27, 2016, Plaintiff Freddie George Garcia ("Plaintiff"),  proceeding

20  pro se and in forma pauperis, constructively filed[1] a First Amended Complaint

21  ("FAC") pursuant to Title 42 of the United States Code, section 1983 ("Section

22  1983") against "Deputy Sherrifs at S.W.D.C. in Riverside County Jail" in their

23  individual capacities.  Dkt. 14, FAC.  Plaintiff alleges on March 27, 2015, deputies

24  at South West Detention Center ("S.W.D.C.") violated his Fourteenth

25
26
27
28

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a
pleading to mail to court, the court deems the pleading constructively "filed" on
the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010)
(citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating
the "mailbox rule applies to § 1983 suits filed by pro se prisoners").  Here, Plaintiff
signed the FAC on May 27, 2016.  ECF Docket No. ("Dkt.") 14, FAC.  Thus, the
Court deems May 27, 2016 the filing date.

1   Amendment right against cruel and unusual punishment when he was "beaten with

2   fists, tasered and shot with a pellet gun firing pellet bullets, held down with a shield

3   that produced taser like shocks."  <u>Id.</u> at 7.  Plaintiff suffered "eye, facial, shoulder,

4   head, and neck injuries which cause continued nerve damage to this day."  <u>Id.</u>

5   Plaintiff seeks punitive and compensatory damages.  <u>Id.</u> at 10.

6          As discussed below, the Court dismisses the Complaint with leave to amend.

7                                          **II.**

8                              **PROCEDURAL HISTORY**

9          On March 24, 2016, Plaintiff constructively filed a Complaint pursuant to

10  Section 1983 against "Deputy Sherrifs at S.W.D.C. in Riverside County Jail" in

11  their official and individual capacities.  Dkt. 1, Compl. at 3.  Plaintiff alleged on

12  March 27, 2015, deputies at South West Detention Center ("S.W.D.C.") violated

13  his Fourteenth Amendment right against cruel and unusual punishment when they

14  "used excessive force causing eye, shoulders, head, and neck injury."  <u>Id.</u> at 5.

15         On April 7, 2016, the Court issued an order dismissing the Complaint with

16  leave to amend because the Complaint (a) failed to unambiguously identify the

17  defendants; (b) failed to state an official capacity claim against any defendant; (c)

18  likely named only doe defendants; (d) failed to comply with Federal Rule of Civil

19  Procedure Rule 8; and (e) failed to state a claim for excessive force.  Dkt. 6.

20  Plaintiff was granted twenty-one days to file a First Amended Complaint.  <u>Id.</u>

21         On May 19, 2016, Plaintiff constructively filed a motion for extension of time

22  to file a first amended complaint because he was still attempting to discover the

23  names of the doe defendants.  Dkt. 12.  The Court granted Plaintiff until June 30,

24  2016 to file a First Amended Complaint.  Dkt. 13.

25         On May 27, 2016, Plaintiff filed the FAC against five "John Doe"

26  defendants who are deputy sheriffs at the S.W.D.C. ("Defendants") in their

27  individual capacity.  Dkt. 14, FAC at 5-6.  Plaintiff alleges on March 27, 2015, while

28  he was a pretrial detainee at S.W.D.C., at approximately 1:00 p.m., about five

                                          2

1  deputy sheriffs, Defendants, came to his cell.  Id. at 7.  Defendants ordered Plaintiff
2  to take down some papers blocking the window of Plaintiff's cell.  Id.  Defendants
3  "started shooting things under the cell door" and "started quickly smoking up the
4  whole cell."  Id. at 8.  Plaintiff "quickly started taking the paper off the cell door
5  window to show [he was] complying."  Id.  Defendants opened the cell door, threw
6  in "what appeared to be a bomb" and shut the door.  Id.  Defendants did this again.
7  Id.  Then Plaintiff was tasered.  Id.  Next Plaintiff realized he was in his bed and his
8  leg was shaking.  Id.  One of the defendants "viciously got to hitting [Plaintiff] in
9  the face."  Id.  Plaintiff tried to turn his face for relief, but another defendant hit
10 him on the other side of his fact.  Id. at 9.  Then "one or more of the defendants put
11 a body shield taser viciously over [Plaintiff] which had taser like shots in it for about
12 30 seconds to a minute."  Id.  Defendants then threw Plaintiff on the ground by the
13 toilet and kicked him in the body a couple of times.  Id.  Then Defendants grabbed
14 Plaintiff by the arms and bent them up backwards very high, "causing pain which
15 could have cause damage to [Plaintiff's] rotator cuffs."  Id.  Plaintiff was then
16 handcuffed and later taken to Moreno Valley Medical Center.  Id.

### III.
### STANDARD OF REVIEW

19      As Plaintiff is proceeding in forma pauperis, the Court must screen the FAC
20 and is required to dismiss the case at any time if it concludes the action is frivolous
21 or malicious, fails to state a claim on which relief may be granted, or seeks
22 monetary relief against a defendant who is immune from such relief.  28 U.S.C. §
23 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).
24      In determining whether a complaint fails to state a claim for screening
25 purposes, the Court applies the same pleading standard from Rule 8 of the Federal
26 Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to
27 dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Watison v. Carter,
28 668 F.3d 1108, 1112 (9th Cir. 2012).  Under Rule 8(a), a complaint must contain a

3

1  "short and plain statement of the claim showing that the pleader is entitled to

2  relief."  Fed. R. Civ. P. 8(a)(2).

3      A complaint may be dismissed for failure to state a claim "where there is no

4  cognizable legal theory or an absence of sufficient facts alleged to support a

5  cognizable legal theory."  Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007)

6  (citation and internal quotation marks omitted).  In considering whether a

7  complaint states a claim, a court must accept as true all of the material factual

8  allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).

9  However, the court need not accept as true "allegations that are merely

10  conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re

11  Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal

12  quotation marks omitted).  Although a complaint need not include detailed factual

13  allegations, it "must contain sufficient factual matter, accepted as true, to state a

14  claim to relief that is plausible on its face."  Cook v. Brewer, 637 F.3d 1002, 1004

15  (9th Cir. 2011) (citation and internal quotation marks omitted).  A claim is facially

16  plausible when it "allows the court to draw the reasonable inference that the

17  defendant is liable for the misconduct alleged."  Id. (citation and internal quotation

18  marks omitted).  The complaint "must contain sufficient allegations of underlying

19  facts to give fair notice and to enable the opposing party to defend itself

20  effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

21      "A document filed pro se is to be liberally construed, and a pro se complaint,

22  however inartfully pleaded, must be held to less stringent standards than formal

23  pleadings drafted by lawyers."  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir.

24  2008) (citations and internal quotation marks omitted).  "[W]e have an obligation

25  where the p[laintiff] is pro se, particularly in civil rights cases, to construe the

26  pleadings liberally and to afford the p[laintiff] the benefit of any doubt."  Akhtar v.

27  Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks

28  omitted).

1   If the court finds the complaint should be dismissed for failure to state a

2   claim, the court has discretion to dismiss with or without leave to amend.  Lopez v.

3   Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted

4   if it appears possible the defects in the complaint could be corrected, especially if

5   the plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103,

6   1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint

7   cannot be cured by amendment, the court may dismiss without leave to amend.

8   Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th

9   Cir. 2009).

10                                          **IV.**

11                                   **DISCUSSION**

12      "As a general rule, the use of 'John Doe' to identify a defendant is not

13   favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  "However . . .,

14   where the identity of alleged defendants will not be known prior to the filing of a

15   complaint . . ., the plaintiff should be given an opportunity through discovery to

16   identify the unknown defendants, unless it is clear that discovery would not

17   uncover the identities, or that the complaint would be dismissed on other

18   grounds."  Id.; see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir.

19   1999).

20      Accordingly, Plaintiff will be given a second opportunity to discover the

21   names of the doe deputy sheriffs and amend his FAC.  Plaintiff should act diligently

22   in conducting such investigation, as the Court will only grant extensions of time

23   upon a showing of good cause.

24      Further, Plaintiff is advised that without any named defendants, the Court

25   cannot order service of the FAC.  See Augustin v. Dep't of Public Safety, 2009 WL

26   2591370, at *3 (D. Hawai'i Aug. 24, 2009); see also Soto v. Board of Prison Term,

27   2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007).  Consequently, if Plaintiff files an

28   amended complaint that only names doe defendants, such complaint will be subject

1   to dismissal.  <u>See</u> <u>Williams v. Schwarzenegger</u>, 2006 WL 3486957, at *1 (E.D. Cal.

2   Dec. 1, 2006).

3   **V.**

4   **<u>LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

5          For the foregoing reasons, the FAC is subject to dismissal.  As the Court is

6   unable to determine whether amendment would be futile, leave to amend is

7   granted.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*).

8

9          Accordingly, IT IS ORDERED THAT **within thirty (30) days** of the

10  service date of this Order, Plaintiff choose one of the following two options:

11        1.      Plaintiff may file a Second Amended Complaint to attempt to

12  cure the deficiency discussed above.  **The Clerk of Court is directed to mail**

13  **Plaintiff a blank Central District civil rights complaint form to use for filing**

14  **the Second Amended Complaint, which the Court encourages Plaintiff to use.**

15          If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must

16  clearly designate on the face of the document that it is the "Second Amended

17  Complaint," it must bear the docket number assigned to this case, and it must be

18  retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff

19  shall not include new defendants or new allegations that are not reasonably related

20  to the claims asserted in the FAC.  In addition, the Second Amended Complaint

21  must be complete without reference to the Complaint, FAC, or any other pleading,

22  attachment, or document.

23          An amended complaint supersedes the preceding complaint.  <u>Ferdik v.</u>

24  <u>Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will

25  treat all preceding complaints as nonexistent.  <u>Id.</u>  Because the Court grants

26  Plaintiff leave to amend as to all his claims raised here, any claim raised in a

27  preceding complaint is waived if it is not raised again in the Second Amended

28  Complaint.  <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

2.     Alternatively, Plaintiff may request a voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to name only doe defendants.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a Second Amended Complaint with only doe defendants, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed without prejudice for failure to, state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  June 10, 2016

HONORABLE KENLY KIYA KATO
United States Magistrate Judge